UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ME2 PRODUCTIONS, INC.,

    Plaintiff,

v.

PAUL REARDON, *et al.*,

    Defendants.

Case No. C17-0465RSL

ORDER DENYING LEAVE TO SERVE BY MAIL

    This matter comes before the Court on plaintiff's "Motion to Permit Alternative Mail Service or for Additional Time to Attempt Process Service." Dkt. # 19. Plaintiff has not served four of the named defendants, and the 90 day deadline for service expired on June 20, 2017. Two days later, plaintiff filed this motion seeking leave to serve Mahamadou Dukureh and Paul Lysaker by mail and an extension of time in which to effect service on Raul Gonzales and Jaymee Torres.

**A. Service by Mail**

    Federal Rule of Procedure 4(e)(l) allows plaintiff to effect service "pursuant to the law of the state in which the district is located." Washington-law authorizes service by mail upon a showing that (a) defendant has made reasonably diligent efforts at personal service (Rodriguez v. James-Jackson, 127 Wn. App. 139, 140 (2005)), and (b) defendant resides in the state but has concealed herself in order to avoid service of process (RCW 4.28.100(4)). With regards to defendants Dukureh and Lysaker, plaintiff has made multiple unsuccessful attempts to personally serve defendants at the addresses specified

ORDER DENYING LEAVE TO SERVE BY MAIL - 1

on the summonses. It argues that its lack of success means that defendants are dodging service. Plaintiff is incorrect for two reasons.

First, there is no indication that the addresses used by the process server are, in fact, connected to the named defendants. In its motion, plaintiff states that the addresses have been confirmed by the ISP "and/or investigative databases," citing counsel's declaration as support. Dkt. # 19 at 2. The declaration is silent regarding what information was provided by the ISP and what investigation was done to confirm that the defendants could be found at these addresses.[1] Nor is there anything in the process server's notes that ties the defendants to these addresses: there are no names on the intercom in the apartment building in which Dukureh has been sought, nor is the addressee of the UPS package left at the Redmond house identified. Even if the Court assumes that Comcast provided the addresses listed on the summonses, the information was provided in relation to internet usage in February 2017, more than four months ago. Absent some evidence from which one could reasonably conclude that the defendants currently reside at, or are associated with, the addresses used by the process server, the Court will not assume that service by mail will effectively notify defendants of this lawsuit.

Second, there is no evidence from which one could reasonably conclude that defendants are concealing themselves for the purpose of avoiding service. None of the entries made by the process server gives rise to an inference that the apartment (Dukureh) or home (Lysaker) was occupied when the process server arrived and that the residents refused to answer the door. The prerequisites for allowing service by mail are not, therefore, satisfied. There being no reason to believe that service by mail at the addresses used by the process server will effectively notify defendants of the claims against them, the motion for leave to serve by mail is DENIED.

---

[1] The property records of King County and the corporate database of the Secretary of State link the home at 13814 NE 70th Pl. to a Carl Lombardi, not defendant Lysaker.

ORDER DENYING LEAVE TO SERVE BY MAIL - 2

**B. Extension of Service Deadline**

It can be challenging to meet the 90 day service deadline in BitTorrent cases where plaintiff must first conduct discovery from the ISP before it can identify, name, and serve the defendant. It can be done, however, and the Court has repeatedly indicated that it expects at least a good faith effort to comply with the service deadline. In this case, the motion for leave to conduct expedited discovery was granted in a timely manner, and plaintiff has not indicated that there was any delay in the ISP's response. As the Court has previously noted, in these circumstances, an extension of time should be necessary only if a defendant failed to waive or was dodging service.

Plaintiff asserts that Dukureh, Lysaker, Gonzales, and Torres "elected not to return the request for waiver" of service under Fed. R. Civ. P. 4(d). Dkt. # 19 at 2. There is no evidence that waivers were ever sent, however, much less that they were sent in a timely manner. The only evidence of attempted service in the record shows that plaintiff engaged a process server twelve days before the deadline for service. Plaintiff has not shown good cause for an extension of time. Nevertheless, a brief extension of the service deadline will be granted in this case because the Court had not previously considered this situation. In the future, however, similar evidentiary showings will result in the dismissal of the claims against the unserved defendants.

For all of the foregoing reasons, plaintiff's request for permission to serve defendants Dukureh and Lysaker by mail is DENIED. The alternative request for a fourteen day extension of the service deadline is GRANTED. Plaintiff shall, on or before July 5, 2017, file proofs of service as to defendants Dukureh, Lysaker, Gonzales, and Torres or a second motion detailing the efforts made toward effecting personal service and establishing good cause for a further extension of time. Failure to timely file or to make the required showing will result in dismissal of the claims against any unserved

1 | defendants.

Dated this 28th day of June, 2017.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge